**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TERRY PENISTER                                                                          PLAINTIFF
ADC #092828


v.                                                      5:18cv00195-BRW-JJV


DANA McCOY, Sgt.,
Tucker Unit, ADC; *et al.*                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Terry Penister ("Plaintiff") is incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.)  He alleges Defendants violated his due process rights by holding a disciplinary hearing without first obtaining a statement from his requested witness.  (*Id*. at 5-8.)  He seeks nominal and punitive damages.  (*Id*. at 9.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

The Fourteenth Amendment prohibits the deprivation of life, liberty, or property without due process of law, even for prisoners. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). Inmates are entitled to some due process protections in prison disciplinary proceedings, such as advanced written notice of the charges, the ability to present witnesses and evidence in defense, and written findings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Additionally, a disciplinary decision must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). However, in *Sandin*, 515 U.S. at 483-84, the United States Supreme Court substantially narrowed the due process protections required by *Wolff* and *Hill* by holding they apply only if the prisoner has a liberty interest at stake in the disciplinary proceedings.

Plaintiff alleges his class was reduced as a result of the disciplinary and he was subjected to forty-five days of commissary, phone, and visitation restrictions, plus an additional year with no contact visitation.  (Doc. No. 2 at 7.)  A prisoner does not have a liberty interest in a particular classification.  *See, e.g.*, *Sanders v. Norris*, 153 Fed. App'x 403, at 1 (8th Cir. 2005) (per curiam); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Cole v. Norris*, Case No. 2:08CV00056-WRW, 2008 WL 4949283, at 4 (E.D. Ark. 2008) (stating "nothing in the Arkansas statutes provides a basis for finding a protected liberty interest in the classification level assigned to an inmate by prison officials").  Moreover, the type of restrictions imposed here do not give rise to a protected liberty interest.  *See, e.g.*, *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (denial of contact visitation, exercise privileges, and religious services during thirty-seven day segregation was not an atypical, significant hardship; "[a] prisoner does not have a liberty interest in contact visitation"); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (transfer to more restrictive facility, where prisoner's movements were more limited and his phone and visitation privileges more restricted, did not implicate liberty interest); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (thirty days in punitive isolation, including restrictions on mail, phone, visitation, and commissary privileges, did not constitute an atypical and significant hardship).

Plaintiff also alleges the guilty finding "removed [him] off the list to appear before the Parole Board in the next 2 week[s] as [he] was to appear."  (Doc. No. 2 at 7.)  He states he will not be eligible for parole again until six months after he regains his class status.  (*Id*.)  However, Plaintiff has no protected liberty interest in parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  While state statutes governing parole may provide a protectable entitlement, the Arkansas parole statutes do not create

a protected liberty interest.  *See Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir. 1984); *see also*

*Hamilton v. Brownlee*, 237 Fed. App'x 114, 115 (8th Cir. 2007) (per curiam).

For these reasons, Plaintiff did not have a liberty interest in avoiding the punishment

imposed, and the Due Process Clause is not implicated.  To the extent Plaintiff intends to state a

claim for the violation of ADC policy, that claim fails as well.  *See, e.g.*, *Gardner v. Howard*, 109

F.3d 427, 430 (8th Cir. 1997) (there is no § 1983 liability for violating prison policy).

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to

state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 13th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."